IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MICHELLE LOPEZ,

    Plaintiff,

v.                                                                                                  CIV No. 08-806 LH/ACT

CITY OF ALBUQUERQUE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant City of Albuquerque's ("the City's") Motion in Limine to Exclude Evidence of Other Supposed Allegations of Improper Conduct Against Michael Padilla [Doc. 80], filed September 13, 2010. The Court, having considered the motion, the briefs of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion shall be **granted in part and denied in part.**

## I. DISCUSSION

To prevail on her hostile work environment claim at trial, Lopez must demonstrate that she was subjected to a sexually hostile work environment by Padilla for which the City may be liable. *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007). The City is vicariously liable for a hostile work environment created by Padilla if Lopez proves that Padilla had supervisory authority over her, and that the affirmative defense recognized by the United States Supreme Court in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) does not apply. *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1270 (10th Cir. 1998). Alternatively, the City may be liable, under a negligence standard, if Lopez proves that

1

the City knew or should have known about the hostile work environment to which Lopez was subject and failed to respond in a timely and appropriate manner. *Id.*

In its motion in limine, the City seeks the exclusion of evidence of allegations of workplace misconduct by Padilla. More specifically, it seeks to exclude (1) testimony or other evidence regarding the alleged sexual harassment of employees at Padilla's prior places of employment, including the testimony of Claudia Rodriguez Guzman and Monica Rios; (2) the report and testimony of the City's private investigator, Robert Casey; (3) evidence of supposed improper conduct by Padilla toward other employees at the City's 911 Center; (4) evidence of Padilla's supposed prior sexual harassment of Claudia Ponce Duran at the City's 311 Center; and (5) evidence of Padilla's allegedly improper conduct toward Lopez while employed at the City's 311 Center.

**A. Evidence of Allegations of Sexual Harassment by Padilla at Prior Places of Employment is Excluded**

In this section of its motion in limine, the City seeks to exclude all evidence of allegations of sexual harassment by Padilla at his prior places of employment, including GE Consumer Finance and MCI Telecommunications. Although Lopez has not outlined the specific evidence of prior sexual harassment allegations that she intends to introduce, her proposed Witness List [Doc. 79] indicates that she "may" call Moncia Rios, Claudia Rodriguez, and Claudia Ponce[1] to testify regarding Padilla's "prior sexual harassment complaints." [Doc. 79, at 7.] Similarly, in her Response to Defendant's Motion for Summary Judgment, Lopez suggested that Padilla's conduct toward "women that he formerly worked with, *i.e.*, Monica Rios, Claudia Guzman" was relevant evidence that the Court could consider at the summary judgment stage. [Doc. 48, at 25.]

---

[1] Each of these three women worked with Padilla at GE Consumer Finance between 2001 and 2003.

2

Defendant argues that evidence of allegations of sexual harassment by Padilla at his prior places of employment should be excluded because the allegations were too remote in time, because the allegations were not substantiated, and because the limited probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

Lopez counters that evidence of sexual harassment allegations against Padilla at his prior places of employment should be admitted for two proper purposes: (1) as evidence of notice to the City, and (2) as evidence of discriminatory intent or motivation.

Because the alleged incidents of prior sexual harassment occurred outside of Padilla's employment with the City, they are not relevant to establish the environment in which Lopez and other women worked with Padilla at the City. *See Hicks v. Gates Rubber Co.*, 833 F.2d. 1406, 1415 (10th Cir. 1987)(concluding that incidents of sexual harassment involving employees other than the plaintiff are relevant in establishing the general work atmosphere, but apparently limiting the inquiry to harassment of those "working alongside" the plaintiff). Moreover, it is clear that it would be improper for Lopez to present evidence of alleged sexual harassment by Padilla at his prior places of employment in order to establish that Padilla sexually harassed her at the 911 Center. *See* Fed. R. Evid. 404(b).

Under Federal Rule of Evidence 404(b), evidence of prior bad acts may be admissible for purposes other than proving character of a person, such as proof of motive, intent, and knowledge. Fed. R. Evid. 404(b). Lopez argues that evidence of sexual harassment allegations against Padilla at his prior places of employment are relevant to the City's notice and to Padilla's intent. While both notice and intent are proper purposes under 404(b), the inquiry does not end there. Evidence of prior bad acts, even if offered for a proper purpose, is admissible only if (1) it is relevant under Fed. R. Evid. 401; (2) the probative value of the evidence is not substantially outweighed by its

3

potential for unfair prejudice under Fed. R. Evid. 403; and (3) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted. *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002).

With regard to notice, Lopez reasons that sexual harassment allegations against Padilla at prior places of employment are relevant to establishing that the City had notice of Padilla's sexual harassment of women. Evidence of prior sexual harassment allegations or claims may be relevant to show an employer's notice when the allegations or claims are communicated to the employer or the employer had reason to be aware of them. In contrast, here, even if sexual harassment claims were made against Padilla at GE Consumer Finance or other places of employment, Lopez must satisfy the burden establishing that the claims were communicated to the City or that the City had reason to be aware of them.

Next, Lopez argues that evidence of sexual harassment by Padilla at prior places of employment is also relevant to show discriminatory intent or motivation. Lopez emphasizes that the City denies that Padilla's conduct was sexual or discriminatory. Proof of motive or intent is a proper purpose for the evidence of prior sexual harassment. *See* Fed. R. Evid. 404(b); *Wilson*, 303 F.3d at 1217. Nevertheless, in this case, evidence of sexual harassment by Padilla at prior places of employment must be excluded, though it may be offered by Lopez for a proper purpose, because its probative value is substantially outweighed by its potential for unfair prejudice.

Without notice to the City of the prior sexual harassment allegations, evidence of the allegations is not probative on the issue of the City's discriminatory intent. *Wilson*, 303 F.3d at 1217 (noting that because the plaintiff conceded that her employer had no notice of the alleged prior incidents of sexual harassment, the testimony could not have been sought to prove the employer's discriminatory intent). Instead, the evidence can only relate to Padilla's discriminatory intent or

4

motive. Although Padilla is no longer a party to this action, his discriminatory intent is still relevant to Lopez's hostile work environment claims against the City, as she must prove that she was subjected to unwelcome conduct by Padilla that was **based on sex**. *Cf. Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998) (noting that to succeed on a hostile work environment claim, the plaintiff must demonstrate that the harassment stemmed from racial animus). Although evidence of sexual harassment allegations at prior places of employment may be relevant to Padilla's discriminatory intent, the probative value of the evidence is relatively slight. Lopez has evidence of conduct by Padilla that took place while employed by the city, as discussed herein and in prior Court rulings, which could establish that any harassment by Padilla was indeed based on sex. The availability of alternative means of proving Padilla's discriminatory animus reduces the probative value of prior sexual harassment allegations as evidence of sexual animus. *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) (recognizing that the probative value of evidence may be reduced by alternative means of proving the same fact); *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.*, Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 WL 2296903, *9 (D.N.M. June 26, 2007) (noting that, in evaluating whether evidence should be excluded on grounds of unfair prejudice, courts should consider the availability of less prejudicial, alternative means of proof) (citing *Old Chief v. United States*, 519 U.S. 172, 184-85 (1997)).

The probative value of the prior sexual harassment allegations is also significantly diminished by the unsubstantiated nature of the evidence. Though several witnesses discussed "rumors" of sexual harassment allegations in their deposition testimony, there is presently no evidence before the Court that any employee of GE Consumer Finance made a formal sexual

harassment complaint against Padilla.[2]  In fact, in her deposition testimony, Claudia Rodriguez Guzman was hesitant to call Padilla's treatment of her "sexual harassment," and she testified that she did not believe that Padilla was disparaging or denigrating to women.  More importantly, she testified that she never reported to anyone that Padilla had harassed her, nor did she have personal knowledge of any sexual harassment complaint made against Padilla.  Likewise, Claudia Ponce Duran testified that she did not feel as though she was sexually harassed by Padilla and that she did not tell anyone that Padilla sexually harassed her.  Finally, Lopez does not dispute that she has been unable to locate Monica Rios to ascertain any allegations that she may have made against Padilla, and Guzman's testimony about Rios' allegations is inadmissible hearsay.

Additionally, the probative value of evidence of prior sexual harassment allegations against Padilla is reduced, albeit only slightly, by the remoteness of the allegations.  Padilla worked at GE Consumer Finance from 2001 to 2003.  Thus, any sexual harassment allegations made against him there were a minimum of three to four years old by the time Padilla began working at the 911 Center.  Although the lapse of time after these alleged sexual harassment allegations is not a reason in and of itself to exclude them, it does weigh slightly in favor of excluding them.

To the extent that Lopez argues that the sexual harassment allegations against Padilla at prior places of employment are probative with regard to her negligence claim against the City – that is, that the City was negligent in failing to discover the sexual harassment allegations at Padilla's prior places of employment through a background check – the Court concludes that Lopez provides no authority requiring an employer to conduct a comprehensive background check of a person's prior

---

[2] Although Lopez refers to compact discs of a post-March 7, 2007 interview of Padilla, which she suggests contain admissions by Padilla that he left GE Consumer Finance because of sexual harassment allegations, the Court is not in possession of these compact discs.

6

employment history. Absent such authority, and absent evidence that the City intentionally elected not to investigate Padilla's employment history because it suspected that misconduct would be revealed, the Court considers the prior sexual harassment allegations against Padilla to be of very limited probative value in proving Lopez's negligence claim against the City.

Finally, there is some risk, perhaps a particularly compelling risk, that jurors might impermissibly infer that because Padilla was alleged to have sexually harassed women at GE Consumer Finance, he also engaged in similar conduct while working for the City. This use of evidence, of course, is prohibited by Rule 404(b) and is unfairly prejudicial to the City. In addition, the Court is concerned that presentation of evidence of sexual harassment by Padilla while working at GE Consumer Finance will result in confusion of the issues and a trial within a trial.

In sum, without evidence that the City knew of the sexual harassment allegations against Padilla at his prior places of employment, the evidence has very limited probative value, which is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury or confusing the issues. Accordingly, the Court will exclude testimony or evidence regarding alleged sexual harassment by Padilla at prior places of employment *unless* Lopez establishes that the City knew of the sexual harassment allegations prior to the filing of the internal sexual harassment complaint against Padilla on March 7, 2007. For these reasons, the City's motion is **granted** in this regard.

**B. The Testimony and Report of Robert Casey are Excluded**

In this section of the motion in limine, the City seeks to exclude the testimony and report of the City's private investigator, Robert Casey. The City routinely performs background investigations on employees working at the 911 Center, including their criminal and credit history,

7

because they have access to databases with confidential law enforcement information. Although a background investigation was not performed on Padilla prior to his work as a consultant to the 911 Center, Casey was tasked by the City in late February 2007 or early March 2007 to conduct a background check of Padilla. Then, after the March 7, 2007 internal sexual harassment complaint was made against Padilla, Casey's background check of Padilla evolved into a more extensive investigation of Padilla's employment history and character.

Casey's report to the City details Casey's conversations with former co-workers of Padilla, some of whom claimed that sexual harassment and/or discrimination complaints were filed against Padilla, some of whom claimed to be witnesses of sexual harassment, and some of whom indicated that Padilla was forced to resign his position at GE Consumer Finance as a result of a sexual harassment investigation. Casey's report also revealed that Padilla had no criminal history and glowing personal references. Significantly, Casey's report was not delivered to the City until March 23, 2007. There is no evidence before the Court to indicate that the City was aware of the substance of Casey's report or investigation prior to March 7, 2007.

The basis of the City's request for exclusion of Casey's report and testimony is primarily that both are hearsay with limited probative value. Additionally, the City suggests that these pieces of evidence should be excluded under Rule 701, as neither is helpful to the jury and both improperly usurp the jury's duty to assess the credibility of witnesses.

Lopez, on the other hand, claims that Casey's report and testimony would establish constructive knowledge by the City, allowing the jury to infer that the information that Casey learned in his investigation would have been revealed prior to Padilla becoming a supervisor at the 911 Center, had the City timely initiated such an investigation.

The Court agrees with the City that the report and any testimony by Casey regarding his

interviews with witnesses are inadmissible hearsay, as they are writings or statements made by out-of-court declarants offered for the truth of the matters asserted. *See* Fed. R. Evid. 801; 802. Lopez has not clearly articulated a recognized exception to the hearsay rule. Therefore, the City's motion is **granted** in this regard.

### C. Evidence of Supposed Improper Conduct by Padilla Toward Other Employees in the City's 911 Center Will be Admitted

In this section of its motion in limine, the City seeks to exclude testimony from 14 witnesses[3] listed by Lopez in the Pre-Trial Order, who the City contends will or may testify about Padilla's supposed conduct toward them or City employees other than Lopez. The City contends that most of this conduct was not directed at Lopez and that she did not overhear most of these comments. The main thrust of the City's position is that any conduct or comments made by Padilla to employees of the 911 Center, *other than to Lopez*, are not relevant under Rule 402: (1) to establish that Lopez was subjected to unwelcome harassment, or, (2) to the issue of the City's actual or constructive knowledge that Padilla was engaging in sexual harassment, prior to the time an internal complaint was made on March 7, 2007. In addition to its relevance arguments, the City contends that this is improper character evidence under Rule 404(b). Finally, to the extent that any of this testimony could be relevant, the City objects that its probative value is substantially outweighed by the danger of unfair prejudice, and should therefore be excluded under Rule 403.

Lopez counters that this is evidence of the general work atmosphere, and that incidents of sexual harassment directed at other 911 Center employees can be used as proof of her claim of

---

[3] The City identifies these witnesses as: Marlyn Webb, Pauline Sanchez, Michael Castro, Bruce Perlman, Johnny Vigil, Yvonne Duran, Tina Torres, Claude Sanchez, Anthony Simoes, Robin Martinez, Sofia Torres, Sharon Griego, Janet Torrez, and Kateri Padilla.

hostile work environment. She also argues that evidence related to Webb's and Sanchez's personal experience with Padilla, as well as their knowledge based on observations and reports about Padilla's conduct directed at other employees, is relevant to the issues of notice to the City of harassment and to whether or not the City adequately responded to the harassment.

This Court has already addressed the relevance of this type of evidence in its MEMORANDUM OPINION AND ORDER, Docket No. 62 at 19:

> In assessing whether a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment, and that she was targeted for harassment because of her gender, the Court considers the work atmosphere both objectively and subjectively, looking at all the circumstances from the perspective of a reasonable person in the plaintiff's position. *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007). Lopez must have subjectively perceived the environment to be abusive, because without such a belief, "the conduct has not actually *altered* the conditions of [her] employment." *Harris v. Forklift Systems, Ind.*, 510 U.S. 17, 21-22 (1993)(emphasis added).

In that MEMORANDUM OPINION AND ORDER, the Court noted that Title VII's prohibition of harassment on the basis of sex forbids only behavior so objectively offensive as to alter the conditions of the victim's employment. *Id.* at 21.

In addition to the objective analysis, Lopez must also prove that she subjectively perceived the environment to be abusive, and the Court noted that it would "not only consider the sexualized comments and conduct that were directed toward Lopez, but also those types of comments and behaviors by Padilla that were divulged to her by others. . . . [I]t is appropriate for the Court to consider all that Lopez knew about the sexual hostility of the work environment, *even that information that was divulged to her by co-workers. See Herrera v. Lufkin Industries, Inc.*, 474 F.3d 675 n.5 (10th Cir. 2007)." MEM. OP. at 21-22 (emphasis added). Accordingly, for Lopez to recover, she must have perceived the environment to be abusive and the conduct of Padilla must have

actually altered the conditions of her employment. *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1095 (10th Cir. 2007)(harassment of which the plaintiff is not aware cannot make out a hostile environment claim).

In addition to convincing the jury that Padilla's conduct was subjectively offensive to her, Lopez must produce evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. The alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Lopez would find the conduct offensive. For this purpose, evidence of Padilla's treatment of 911 employees other than Lopez are relevant in establishing a hostile work environment. As noted in *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415-16 (10th Cir. 1987)(emphasis in original):

> The second question is whether incidents of sexual harassment directed at employees other than the plaintiff can be used as proof of the plaintiff's claim of a hostile work environment. The answer seems clear: one of the critical inquires in a hostile environment claim must be the *environment*. Evidence of a general work atmosphere therefore – as well as evidence of specific hostility directed toward the plaintiff – is an important factor in evaluating the claim.

Based on this reasoning, the Court agrees with Lopez that evidence of the general 911 Center work atmosphere, as well as incidents of sexual harassment directed at Lopez and at other 911 Center employees is relevant to proof of her claim of hostile work environment.

The Court notes that alleged harassment of Lopez of supervisory level employees, such as Webb and Sanchez, or knowledge of supervisory level employees of harassment of others by Padilla is admissible as well. This type of evidence has independent significance, in that this alleged harassment is relevant to establish notice to the City, through its employees in management, of conduct involving harassment by Padilla during his employment with the City. An employer will not be liable under Title VII if the employer was not on actual or constructive notice of the alleged harassment, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 673 (10th Cir. 1998), and evidence

11

relating to the knowledge of supervisory employees is relevant for this reason.

For these reasons, the City's motion is **denied**.  Evidence of supposed improper conduct by Padilla toward other employees in the City's 911 Center will be admitted.  Counsel for Lopez shall be prepared at the pre-trial conference to discuss the anticipated testimony from each witness who will be called to testify on this topic, and must specify how counsel will structure the solicited testimony to avoid undue repetition and unduly cumulative evidence.

### D. Evidence of Padilla's Supposed Prior Sexual Harassment of Claudia Ponce Duran in the City's 311 Center May Be Admitted

In this section of its motion in limine, the City seeks exclusion of alleged improprieties by Padilla while he was employed at the 311 Center.  Specifically, the City seeks to prevent introduction of evidence regarding a complaint filed against Padilla ("the 311 complaint"), arising out of an allegation that Padilla provided interview answers to a job applicant, Claudia Ponce Duran, with whom he had been romantically involved.  The City contends that this evidence is irrelevant pursuant to Rule 402, because it does not involve sexual harassment and because it occurred in a different City department.  The City alternatively seeks exclusion under Rule 404(b) as improper character evidence and as being unfairly prejudicial under Rule 403.

In opposition to this motion, Lopez relies upon the reasoning of Judge Vazquez in the case of *Webb/Sanchez v. City of Albuquerque* case, CIV No. 08-411 MV/LAM (Docket No. 229).  Judge Vazquez concluded that Plaintiffs had established a sufficient foundation to show that certain facts regarding the 311 complaint were relevant and admissible, specifically ruling that this was "a relevant piece of the puzzle, as it shows that the City had knowledge that there were allegations Mr. Padilla had previously misused his power in violation of City policy.  As the City's knowledge and

12

the care it exercised in light of that knowledge are at the heart of Plaintiffs' case, this Court will not exclude this evidence." *Id*. at 12.[4]

The interview at issue occurred in the summer of 2006. (Pltf's Ex. 8, Resp. to Mot. in Limine, (Docket No. 96 (*Ex Parte*)). Padilla was informed by Tanda Meadors that an investigation related to hiring purposes, while he was working at the 311 Center, was being conducted. He thinks he received notice of this investigation in October of 2006. Pltf's Ex. 6, Padilla Depo. at 218, Resp. to Mot. in Limine [Doc. 95]. Baldwin performed an investigation of the situation and wrote a report about it on February 12, 2007. (Pltf's Ex. 8, Resp. to Mot. in Limine, (Docket No. 96 (*Ex Parte*))

Lopez's argument that Padilla's conduct is a "misuse[] of power in violation of City policy," putting the City on notice of sexual harassment by Padilla, is insufficient in itself, in this Court's analysis, because power may be misused without necessarily being in the nature of sexual harassment. What may be critical about this conduct, however, if it can be established without relying on hearsay or other inadmissible evidence, is that Padilla showed favoritism to a former or current girlfriend, with the possible implication being that having a romantic relationship with him could further a woman's career at the City. This would be more than a misuse of power – this would be a misuse of power that could lead to an inference of being sexually motivated and conduct that occurred because of Ponce's sex. *See Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1263-64 (10th Cir. 2005)(sexual harassment may occur when conduct is sexually motivated). Consequently, evidence of Padilla's conduct that provided the basis for the 311 complaint is relevant to establish knowledge of the City and is relevant on this issue of its duty to prevent sexual harassment, and will be admitted, subject to a limiting instruction, as set forth below.

---

[4] This ruling was premised upon an appropriate limiting instruction, being tendered by the City prior to trial.

**E. Padilla's Allegedly Improper Conduct Toward Lopez While He Was Employed at the 311 Center May be Admissible**

In this section of its motion in limine, the City seeks exclusion of Padilla's conduct that occurred prior to his employment at the 911 Center. Prior to coming to work as a consultant, and later interim director at the 911 Center, Padilla was the director of the 311 Center. The City seeks exclusion of evidence of Padilla's conduct while he was employed at the 311 Center, pursuant to Rules 401 and 403, because Padilla's conduct occurred prior to the time he was one of Lopez's supervisors, because the conduct was not closely related in time to the relevant actions at issue in this case, and because the objected-to incidents were not complained about in a timely manner by Lopez.

Lopez responds that this evidence is properly admitted as proof of co-worker harassment, a viable claim of sexual harassment. Further, she argues that the conduct the City seeks to exclude occurred primarily at the time that Padilla was transitioning into the 911 Center, and that this evidence gives the jury an important element of context, which will better enable the jury to understand her hostile work environment claims.

The Court concludes that evidence of Padilla's conduct that occurred while he was employed by the City at the 311 Center, may be admissible, to the extent it is established to be proof of co-worker harassment, on Lopez's negligence claim. *See Ford v. West*, 222 F.3d 767, 775-76 (10th Cir. 2000).

**WHEREFORE, IT IS HEREBY ORDERED** that Defendant City of Albuquerque's Motion in Limine to Exclude Evidence of Other Supposed Allegations of Improper Conduct Against Michael Padilla [Doc. 80] is **granted in part and denied in part**, as discussed herein.

**IT IS FURTHER ORDERED** that the City shall prepare and present limiting written

instructions, prior to the Pretrial Conference, relating to the Court's rulings in Sections D and E herein. Specifically, the instructions shall indicate that the admitted evidence can not be used as character evidence to establish that Padilla, in fact, engaged in misconduct at the 911 Center, nor that events at the 311 Center were relevant to whether Lopez actually experienced a hostile work environment at the 911 Center.

**IT IS FURTHER ORDERED** that the parties shall file amended witness and exhibit lists, in conformity with the rulings contained in this Memorandum Opinion and Order, no later than **Friday, October 8, 2010.**

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE