**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

MICHELLE LOPEZ,

        Plaintiff,

v.                                                                   Civ No. 08-806 LH/ACT

CITY OF ALBUQUERQUE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant City of Albuquerque's ("the City's") Motion in Limine to Exclude Evidence of Other Supposed Allegations of Improper Conduct Against Michael Padilla [Doc. 80], filed September 13, 2010.  The Court, having considered the motion, the briefs of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion shall be **granted in part and denied in part.**

**I.  INTRODUCTION AND BACKGROUND**

**II.  ANALYSIS**

To prevail on her hostile work environment claim at trial, Lopez must demonstrate that she was subjected to a sexually hostile work environment by Padilla for which the City may be liable.  *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007).  The City is vicariously liable for a hostile work environment created by Padilla if Lopez proves that Padilla had supervisory authority over her, and that the affirmative defense recognized by the United States Supreme Court in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) does not apply.  *Wright-Simmons v. City of Oklahoma City*,

155 F.3d 1264, 1270 (10th Cir. 1998).  Alternatively, the City may be liable, under a negligence standard, if Lopez proves that the City knew or should have known about the hostile work environment to which Lopez was subject and failed to respond in a timely and appropriate manner.  *Id.*  Under the latter theory of liability, the City may face liability for the hostile work environment regardless of whether Padilla was Lopez's supervisor, co-worker, or a third-party at the time. CITE.

In its motion in limine, the City seeks the exclusion of evidence of allegations of workplace misconduct by Padilla.  More specifically, it seeks to exclude 1) testimony or other evidence regarding the alleged sexual harassment of employees at Padilla's prior places of employment, including the testimony of Claudia Rodriguez Guzman and Monica Rios; 2) the report and testimony of the City's private investigator, Robert Casey; 3) . . .

**A.  Evidence of Allegations of Sexual Harassment by Padilla at Prior Places of Employment is Excluded.**

The Court will exclude, under Federal Rule of Evidence 403, testimony or evidence related to allegations of sexual harassment made against Padilla at his prior places of employment, including GE Consumer Finance and MCIT Telecommunications ***unless*** Lopez can establish that the City knew of such allegations prior to the filing of the internal complaint by Lopez and other women on March 7, 2007.

Although Lopez has not outlined the specific evidence of prior sexual harassment allegations that she intends to introduce, her proposed Witness List (Doc. 79) indicates that she "may" call Moncia Rios, Claudia Rodriguez, and Claudia Ponce[1] to testify regarding Padilla's

---

[1] Each of these three women worked with Padilla at GE Consumer Finance between 2001 and 2003.

"prior sexual harassment complaints." (Doc. 79, at 7.) Similarly, in her Response to Defendant's Motion for Summary Judgment, Lopez suggested that Padilla's conduct toward "women that he formerly worked with, *i.e.*, Monica Rios, Claudia Guzman" was relevant evidence that the Court could consider at the summary judgment stage. (Doc. 48, at 25.)

Because the alleged incidents of prior sexual harassment occurred outside of Padilla's employment with the City, they are not relevant to establish the environment in which Lopez and other women worked with Padilla at the City. *See Hicks v. Gates Rubber Co.*, 833 F.2d. 1406, 1415 (10th Cir. 1987) (concluding that incidents of sexual harassment involving employees other than the plaintiff are relevant in establishing the general work atmosphere, but apparently limiting the inquiry to harassment of those "working alongside" the plaintiff). Moreover, it is clear that it would be improper for Lopez to present evidence of alleged sexual harassment by Padilla at his prior places of employment in order to establish that Padilla sexually harassed her at the 911 Center. *See* Fed. R. Evid. 404(b).

Under Federal Rule of Evidence 404(b), evidence of prior bad acts may be admissible for purposes other than proving character of a person, such as proof of motive, intent, and knowledge. Fed. R. Evid. 404(b). Lopez argues that evidence of sexual harassment allegations against Padilla at his prior places of employment is relevant to demonstrate 1) notice to the City, and 2) discriminatory intent or motivation. Both of these purposes are permissible under 404(b). However, the inquiry does not end with the purpose of the evidence.

Evidence of prior bad acts, even if offered for a proper purpose, is admissible only if 1) it is relevant under Fed. R. Evid. 401; 2) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and 3) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was

3

admitted.  *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002).

With regard to notice, Lopez reasons that sexual harassment allegations against Padilla at prior places of employment are relevant to establishing that the City had notice of Padilla's sexual harassment of women.  While the Court agrees with the general proposition that evidence of prior sexual harassment allegations or claims may sometimes be relevant to show an employer's notice, this is only true when the allegations or claims are communicated to the employer or the employer had reason to be aware of them.  In contrast, here, even if sexual harassment claims were made against Padilla at GE Consumer Finance or other places of employment, there is no evidence that the claims were communicated to the City or that the City had reason to be aware of them.[2]

Next, Lopez argues that evidence of sexual harassment by Padilla at prior places of employment is also relevant to show discriminatory intent or motivation.  Lopez emphasizes that the City denies that Padilla's conduct was sexual or discriminatory.  Proof of motive or intent is a proper purpose for the evidence of prior sexual harassment.  *See* Fed. R. Evid. 404(b); *Wilson*, 303 F.3d at 1217.  Nevertheless, in this case, evidence of sexual harassment by Padilla at prior places of employment must be excluded, though it may be offered by Lopez for a proper purpose, because its probative value is substantially outweighed by its potential for unfair prejudice.

---

[2] At present, there is no evidence based on personal knowledge before the Court suggesting that sexual harassment complaints were actually made against Padilla at either GE Consumer Finance or MCI.  Lopez claims that Padilla admitted, during the course of the EEO investigation in this case, that he resigned from GE Consumer Finance as a result of sexual harassment allegations, citing (Doc.  48-18, compact discs of Interview with Padilla, 25:00-25:35).  However, Lopez has not provided these compact discs to the Court.  Instead, the only evidence presently before the Court is of "rumors" that Padilla resigned in the face of sexual harassment allegations.

Without notice to the City of the prior sexual harassment allegations,[3] evidence of the allegations simply has no bearing on the City's discriminatory intent. *Wilson*, 303 F.3d at 1217 (noting that because the plaintiff conceded that her employer had no notice of the alleged prior incidents of sexual harassment, the testimony could not have been sought to prove the employer's discriminatory intent). Instead, the evidence can only relate to Padilla's discriminatory intent or motive. Although Padilla is no longer a party to this action, his discriminatory intent may still be relevant to Lopez's claim against the City, as she must prove that she was subjected to unwelcome conduct by Padilla that was **based on sex**. *Cf. Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998) (noting that to succeed on a hostile work environment claim, the plaintiff must demonstrate that the harassment stemmed from racial animus).

However, the probative value of prior sexual harassment allegations as evidence that Padilla's harassment of Lopez was based on sex is relatively slight. Lopez has other evidence at her disposal, including a statement made by Padilla to her coworkers to the effect that "it may be 2007 out there, but in my house it is the 1950s and women stay home, make tortillas and have babies," which suggests that any harassment by Padilla was indeed based on sex. The availability of alternative means of proving Padilla's discriminatory animus reduces the

---

[3] Although the Court has not reviewed the CDs which Lopez suggests include admissions by Padilla that he resigned from GE Consumer Finance as a result of sexual harassment allegations, even if Padilla did make such admissions therein, it still would not establish notice to the City of sexual harassment by Padilla. After all, in his application for employment with the City, Padilla indicated that he left GE Consumer Finance because of a "reduction in force." (*See* Ex. F to Def.'s Motion in Limine.) There is presently no reason to conclude that the City had any knowledge of the prior sexual harassment allegations before March 7, 2007, regardless of whether Lopez admitted that he left GE Consumer Finance because of such allegations during the EEO investigation.

probative value of prior sexual harassment allegations as evidence of sexual animus. *U.S. v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) (recognizing that the probative value of evidence may be reduced by alternative means of proving the same fact); *Trujillo v. Board of Educ. of the Albuquerque Pub. Schs.*, Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 WL 2296903, *9 (D.N.M. June 26, 2007) (noting that, in evaluating whether evidence should be excluded on grounds of unfair prejudice, courts should consider the availability of less prejudicial, alternative means of proof) (citing *Old Chief v. United States*, 519 U.S. 172, 184-85 (1997)).

To the extent that Lopez argues that the sexual harassment allegations against Padilla at prior places of employment are relevant to Lopez's negligence claim against the City – that is, that the City was negligent in failing to discover the sexual harassment allegations at Padilla's prior places of employment through a background check – the Court concludes that there is no general authority requiring an employer to conduct a background check of a person's prior employment history. Absent such authority, and absent evidence that the City intentionally elected not to investigate Padilla's employment history because it suspected that misconduct would be revealed, the Court considers the prior sexual harassment allegations against Padilla to be of limited probative value in proving Lopez's negligence claim against the City.

The probative value of the prior sexual harassment allegations is also significantly diminished by the unsubstantiated nature of the evidence. Though several witnesses discussed "rumors" of sexual harassment allegations in their deposition testimony, there is presently no evidence before the Court that any employee of GE Consumer Finance made a formal sexual harassment complaint against Padilla. In fact, in her deposition testimony, Claudia Rodriguez Guzman was hesitant to call Padilla's treatment of her "sexual harassment," and she testified that she did not believe that Padilla was disparaging or denigrating to women. More importantly, she

testified that she never reported to anyone that Padilla had harassed her, nor did she have personal knowledge of any sexual harassment complaint made against Padilla.  Likewise, Claudia Ponce Duran testified that she did not feel as though she was sexually harassed by Padilla and that she did not tell anyone that Padilla sexually harassed her.   Finally, Lopez does not dispute that she has been unable to locate Monica Rios to ascertain any allegations that she may have made against Padilla, and Guzman's testimony on the subject is inadmissible hearsay.

Additionally, the probative value of evidence of prior sexual harassment allegations against Padilla is reduced, albeit only slightly, by the remoteness of the allegations.  Padilla worked at GE Consumer Finance from 2001 to 2003.  Thus, any sexual harassment allegations made against him there were a minimum of three to four years old by the time Padilla began working at the 911 Center.  Although the lapse of time after the sexual harassment allegations is not a reason in and of itself to exclude them, it does weigh slightly in favor of excluding them.

Finally, there is some risk, perhaps a particularly compelling risk, that jurors might impermissibly infer that because Padilla was alleged to have sexually harassed women at GE Consumer Finance, he also engaged in similar conduct while working for the City.  This use of evidence, of course, is prohibited by Fed. R. Evid. 404(b) and is unfairly prejudicially to the City.

In sum, without evidence that the City knew of the sexual harassment allegations against Padilla at his prior places of employment, the evidence has very limited probative value, which is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury or confusing the issues.  Accordingly, the Court will exclude testimony or evidence regarding alleged sexual harassment by Padilla at prior places of employment *unless* Lopez can establish that the City knew of the sexual harassment allegations prior to the filing of the internal sexual

harassment complaint against Padilla on March 7, 2007.

In contrast to prior sexual harassment of which the City had no knowledge, prior sexual harassment of which the City was aware would be highly probative of whether the City exercised reasonable care to prevent sexually harassing behavior at the 911 Center as well as whether the City was negligent in failing to become aware or in failing to rectify sexual harassment at the Center. For these reasons, the Rule 403 weighing would change, most likely producing a different outcome, should Lopez come forward with evidence that the City had knowledge, before March 7, 2007, of sexual harassment allegations against Padilla at his prior places of employment.

### A. The Testimony and Report of Robert Casey are Excluded.

The City also seeks to exclude the testimony and report of the City's private investigator, Robert Casey. The City routinely performs background investigations on employees working at the 911 Center, including their criminal and credit history, because they have access to databases with confidential law enforcement information. Although a background investigation was not performed on Padilla prior to his work as a consultant to the 911 Center, Casey was tasked by the City in late February 2007 or early March 2007 to conduct a background check of Padilla. Then, after the March 7, 2007 internal sexual harassment complaint was made against Padilla, Casey's background check of Padilla evolved into a more extensive investigation of Padilla's employment history and character.

Casey's report to the City details Casey's conversations with former co-workers of Padilla, some of whom claimed there were sexual harassment and/or discrimination complaints filed against Padilla, some of whom claimed to be witnesses of sexual harassment, and some of whom indicated that Padilla was forced to resign as a result of a sexual harassment investigation.

Casey's report also revealed that Padilla had no criminal history and glowing personal references. Significantly, Casey's report was not delivered to the City until March 23, 2007, well after Padilla was removed from the 911 Center pending an investigation of the sexual harassment complaint filed by Lopez and other 911 Center employees. There is no evidence before the Court to indicate that the City was aware of the substance of Casey's report or investigation prior to March 7, 2007.

The basis of the City's request for exclusion of Casey's report and testimony is primarily that both are hearsay with limited probative value. Additionally, the City suggests that these pieces of evidence should be excluded under Federal Rule of Evidence 701, as neither are helpful to the jury and both improperly usurp the jury's duty to assess the credibility of witnesses. Lopez, on the other hand, claims that Casey's report and testimony would establish constructive knowledge by the City, allowing the jury to infer that the information that Casey learned in his investigation would have been revealed prior to Padilla becoming a supervisor at the 911 Center, had the City timely initiated such an investigation.

First, the Court agrees with Defendant that the report and any testimony by Casey regarding his interviews with witnesses are inadmissible hearsay, as they are writings or statements made by out-of-court declarants offered for the truth of the matters asserted. *See* Fed. R. Evid. 801; 802. Lopez has not clearly articulated a recognized exception to the hearsay rule.

The closest Lopez comes to suggesting an exception to the hearsay rule, is to argue that Casey's report and testimony would establish constructive knowledge by the City. To the contrary, however, Casey's report and testimony do nothing to establish constructive knowledge by the City. The report and testimony concerning the investigation would establish nothing more than what a *comprehensive* background investigation might have revealed at the outset of

Padilla's work with the 911 Center.  But Lopez cites no authority requiring employers such as the City to conduct such a comprehensive background investigation, and the Court is aware of none.  Moreover, the background investigation that the City routinely performed on employees working at the 911 Center was limited to the employees' criminal and credit history, and there is no reason to conclude that the routinely-performed investigation would have revealed sexual harassment allegations against Padilla at his prior places of employment.  Accordingly, even with evidence of Casey's investigation, a reasonable jury would not infer that the information Casey discovered in his investigation would have been revealed in a routine investigation at the outset of Padilla's work with the 911 Center.  Neither Casey's report nor his testimony is properly admissible to establish the City's constructive knowledge of the prior sexual harassment allegations.

Moreover, as discussed above, the probative value of evidence of prior sexual harassment allegations against Padilla is substantially outweighed by the risk of unfair prejudice  and the risk of misleading the jury or confusing the issues.  Casey's report and his testimony concerning interviews of witnesses at Padilla's prior places of employment are only alternative accounts of the prior sexual harassment allegations discussed above.  As such, if Lopez offers the report or testimony of Casey to show notice or discriminatory intent, they too must be excluded under Rule 403 *unless* Lopez can establish that the City was aware of the prior sexual harassment allegations, or other information acquired as a result of Casey's investigation, before the internal sexual harassment complaint was filed on March 7, 2007.  In sum, the Court will exclude Casey's report and will prohibit him from testifying about the interviews he conducted, except that it will not prohibit testimony concerning information that Casey obtained *and provided to the City* before March 7, 2007.  Again, prior sexual harassment of which the City had actual

10

knowledge would be probative of whether the City exercised reasonable care to prevent sexual harassment at the 911 Center and whether the City was negligent in failing to know about or rectify sexual harassment at the 911 Center. The Court will, therefore, reserve ruling on the testimony of Casey, if any, concerning information obtained and provided to the City before March 7, 2007.

### III.  CONCLUSION

For all of these reasons, the Court concludes that

**IT IS THEREFORE ORDERED** that Defendant City of Albuquerque's Motion in Limine is hereby **granted in part and denied in part**.

_____
SENIOR UNITED STATES DISTRICT JUDGE