## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MICHELLE LOPEZ,**

        **Plaintiff,**

**v.**                                               **CIV. No. 08-806 LH/ACT**

**CITY OF ALBUQUERQUE,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER AWARDING COSTS

**THIS MATTER** comes before the Court on Plaintiff's Motion to Tax Costs, Bill of Costs, and Memorandum in Support Thereof (Docket No. 142).  The Court, having considered Plaintiff's motion, memorandum, attachments thereto and reply brief, as well as Defendant's response in opposition, concludes that Plaintiff's motion shall be **denied in part and granted in part.** Specifically, $63.11 of her requested costs are denied, and costs in the amount of $3,631.86 are awarded.

### I.  Legal Standards

There are two types of "costs" or "expenses" properly reimbursable to a prevailing party in Title VII litigation – those that are governed by 28 U.S.C. § 1920 and FED.R.CIV.P. 54(d), and those that are suitably characterized as fees pursuant to a fee shifting statute.  Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be allowed to the prevailing party."  A prevailing

party bears the burden of establishing the amount of costs to which it is entitled. The taxing of costs rests in the sound judicial discretion of the district court. *Callicrate v. Farmland Industries, Inc*., 139 F.3d 1336, 1339 (10th Cir. 1998). If materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs. *U.S. Industries, Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1246 (10th Cir. 1988). The Tenth Circuit has recognized that this Court's discretion in taxing costs is limited in two ways. "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Broth. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995)(en banc). Second, the district court "must provide a valid reason" for denying such costs. *Id*.; *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)(stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").

Section 1920 allows taxation of costs for the following: fees of the clerk and marshal; fees for transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; costs of copies of any materials where the copies are necessarily obtained for use in the case; docket fees; and, compensation for court appointed experts and interpreters. Furthermore,

> [w]hile only those items listed under Section 1920 may be awarded as costs, other out-of-pocket expenses incurred during litigation may be awarded as attorneys fees ... if (1) the expenses are not absorbed as party of law firm overhead but are normally billed to a private client, and (2) the expenses are reasonable.

*Jane L.v. Bangerter,* 61 F.3d 1505, 1517 (10th Cir. 1995).


## II.  Positions of the Parties

Plaintiff seeks $3,694.97 for certain costs incurred in this litigation. Specifically, her cost bill lists these categories for reimbursement: filing fee, jury questionnaire fee, witness fees, process

server fees, deposition costs, facsimile costs, photocopies, and postage.

Defendant argues that the Court should decline to award costs to Plaintiff because her recovery was *de minimis*. The Court is not persuaded to reduce costs to Plaintiff on this basis, having already concluded that she is a prevailing party who achieved more than a technical success in this case. *See* Memorandum Opinion and Order (Docket No. 159). The Court has considered the circumstances that might justify an exercise of its discretion to deny otherwise recoverable costs, and concludes that none of these grounds applies here. *See Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000).

### A.  Non-Disputed Costs

Defendant does not object to these costs, and they are hereby allowed:

1.  Filing fee – $350.00

2.  Jury questionnaire fee – $10.00

3.  Witness fees and milage for the following persons who testified at trial:

    a.  Tanda Meadors – $45.00

    b.  Angela Baldwin – $45.00

    c.  Kateri Padilla – $45.00

4.  Deposition Costs – $1,285.55[1]

5.  Process Server Fees  –  $570.40[2]

---

[1]  The Court notes that Defendant's only objections relating to deposition costs were for the depositions of Johnny Vigil, Nick Bakas and Yvonne Duran, for expenses in the amount of $716.87.  These objections are addressed below.

[2]  The Court notes that Defendant's only objections for service of process fees were for service of subpoenas and summons on Yvonne Duran, Johnny Vigil and the City of Albuquerque, for expenses in the amount of $145.00.  These objections are addressed below.

6.  Photocopies – $330.29

**Subtotal allowed: $2,681.24**

**B.  Disputed Costs**

**1.  Witness and MileageFees for Persons Not Called to Testify at Trial.**

Defendant objects to paying witness and mileage fees for persons who did not testify at trial, namely Tina Torres ($43.75), Claudia Ponce-Duran ($45.00), Steven Warfield ($45.00) and Michael Padilla ($45.00).  Plaintiff argues that she served subpoenas on the first three of these witnesses, believing their testimony would be necessary, and but that when she realized their testimony would be cumulative, she decided not to call them to testify.  She indicates that she was unable to serve Michael Padilla, the employee who sexually harassed Plaintiff.

The Tenth Circuit does not "employ the benefit of hindsight" in determining whether costs incurred by a prevailing party are reasonably necessary to the litigation of the case.  *Callicrate,* 139 F.3d at 1340.  Instead, this determination is to be based "on the particular facts and circumstances at the time the expense was incurred."  *Id.*; *see also Allison v. Bank One-Denver*, 289 F.3d 1223. 1249 (10th Cir. 2002)(recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved").  The standard is one of reasonableness.  *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).  Considering these standards in conjunction with the briefs of the parties, the Court concludes that at the time these fees were paid for these four potential witnesses, it appeared to Plaintiff's counsel to be reasonably necessary.  These costs will be awarded.  In addition the cost of subpoenaing Ms. Duran and Mr. Vigil for trial ($100.00) will be awarded.  Conversely, it is impossible to determine the reasonable necessity of a vague expense, shown only as the cost of a

service of summons on "City of Albuquerque" in the amount of $45.00. Accordingly, this cost is disallowed.

**Subtotal allowed: $233.75**

**Subtotal disallowed: $45.00**

### 2.  Deposition Costs

Defendant objects to paying the deposition costs for persons who did not testify at trial, and whose depositions were not utilized at trial, namely the deposition costs of Johnny Vigil ($217.50), Nick Bakas ($182.70) and Yvonne Duran ($316.67).  Plaintiff correctly responds that she used the depositions of Mr. Vigil and Ms. Duran to oppose Defendant's motion for summary judgment; these costs will be allowed.

Plaintiff argues that the deposition testimony of Mr. Bakas, a person in the City's decision-making structure at the time Padilla was assigned to the 911 Call Center, was significant and necessary to gain knowledge about Michael Padilla's authority at the City.  The City only notes that Mr. Bakas was not called as a witness at trial, his deposition was not utilized at trial, and makes the conclusory comment that it was not necessary to the case.

In *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 434 (10th Cir. 1990), the Tenth Circuit refused to apply a rule that only permitted costs for depositions received in evidence or used by the court in ruling upon a motion for summary judgment, characterizing such a rule as being narrower than § 1920.  As above-noted, all that § 1920 requires is that the deposition was "reasonably necessary for use in" the case "at the time the expense[] was incurred." *Callicrate*, 139 F.3d at 1340.  Plaintiff's description of its use of the deposition testimony of Mr. Bakas is sufficient to justify a conclusion that this threshold has been met.

**Subtotal allowed: $716.87**

**3.  Facsimile Charges and Postage**

As noted above, these types of charges are not awarded as costs under § 1920, but may be awarded as part of an attorney fee award.  Plaintiff did not seek these costs pursuant to her motion for attorney fees.  The Court declines to award these minor expenses pursuant to this cost request, and thereby will not award these costs in the amount of $18.11.

**Subtotal disallowed**: **$18.11**

**WHEREFORE,** the Court concludes that for the reasons stated herein, Plaintiff's Motion to Tax Costs, Bill of Costs, and Memorandum in Support Thereof (Docket No. 142), is **denied in part and granted in part.**  Specifically, $63.11 of her requested costs are denied, and costs in the amount of $3,631.86 are awarded.  The Clerk is instructed to enter Judgment in the amount of $3,631.86 in favor of Plaintiff.

**IT IS SO ORDERED.**

_____

**SENIOR UNITED STATES DISTRICT JUDGE**